## Warner v. Mullin.

*Practice, C. P.—Capias ad satisfaciendum—Discharge of defendant—Act of June 1, 1915.*

A defendant who has been arrested on a writ of *capias ad satisfaciendum* is not entitled to release under the Act of June 1, 1915, P. L. 704, until he has advertised and presented himself in court to be examined as to his assets, as provided by the act.

Rules to set aside writ of *ca. sa.* and to discharge defendant. C. P. No. 5, Phila. Co., Sept. T., 1926, No. 6632.

*D. Ullman,* for plaintiffs; *Cogan & Bramhall,* for defendant.

MARTIN, P. J., Aug. 9, 1927.—Defendant was sued in trespass to recover damages for personal injuries inflicted in an automobile accident upon Mucella Warner, one of the plaintiffs. A judgment was entered against defendant and damages were assessed at $250. A writ of *ca. sa.* issued and defendant was taken into custody by the sheriff.

Upon presentation of petitions averring that he is without assets, has no other creditors but the plaintiffs, and that he is a minor, being twenty years

Warner v. Mullin.

of age on March 30, 1927, rules were granted to show cause why the writ of *ca. sa.* should not be set aside and the defendant discharged from arrest.

On April 13, 1927, the court ordered defendant to be released upon entering security in the sum of $1000.

The Act of Assembly of June 1, 1915, P. L. 704, enacts that an insolvent defendant may be discharged from arrest upon compliance with the terms of the act.

The defendant has not complied with the act by advertising and presenting himself in court to be examined as to his assets. Until he complies with the law, he is not entitled to have the writ set aside or to be discharged.

And now, to wit, Aug. 9, 1927, the rule to set aside the writ of *ca. sa.* and the rule for discharge of the insolvent from arrest are discharged, without prejudice to the right of defendant to proceed in accordance with the provisions of act of assembly to apply for his discharge.